Curia, per

O’Neall, J.
The third and fifth grounds are, in effect, the same. Both question the propriety of receiving and considering the opinion of witnesses as to the existence of disease in a negro. It is true that the mere opinion of witnesses who have not the aid of science to guide them, would not have any weight in such a case, and would be generally inadmissible, unless sustained by facts showing the opinion to be true. On looking in the mass of written evidence in this case, I find that the witnesses generally said they thought the slave to be unsound, and if they had stopped there such testimony ought to have been rejected ; but they go on to fortify their opinions with facts showing some foundation for them ; and hence they were admissible, and were to be compared with the facts by the jury, (a) The fourth and sixth grounds are general objections to a verdict ón a very doubtful case of fact, and hence can have no weight here. The second ground need not be noticed, as by the view we take of the first ground, the subject of its complaint will be removed.
The first ground makes the only legal question in the case ; and to it we will now direct our attention. The action is covenant on a breach of warranty of soundness contained in the defendant’s deed: accompanying the breach of the warranty of soundness, the plaintiff states as one of the consequences of it, in his declaration, that he “ was put to great expense and trouble, to wit, to the amount of $200 in and about her physician’s bill, burial expenses, and other expenses.” This is a sufficient statement of the plaintiff’s loss to entitle him to recover the physician’s bill and burial expenses, amounting to $16, if by law he can be permitted to recover them under the proof adduced in this case. The plaintiff in an action on the covenant of warranty of soundness, where there has been a recision of the contract, or where the property* is dead or valueless, is entitled to recover back his purchase money and interest. In some cases, where he has offered to restore the property to the defendant, and he has refused to accept it, and the plaintiff is com *38 pelled fo keep the property and incur expense on account of it, he may also recover such expenses. In 2d Camp. 82, Carwell vs. Coare, the very point now before us received the consideration of Ch. Justice Sir James Mansfield. That was an action on the warranty of a horse, with a count for horse meat, &c. There had been no offer to return the horse: the question was, whether the plaintiff could recover for his “/reep.” Sir James held that he could not. He said, “ I remember when it was held, that an action could not be maintained upon the warranty without an offer to return the horse. That doctrine is now exploded ; but still, unless the defendant refuses to take back the horse, the plaintiff cannot complain that the expense of the keep is necessarily thrown upon him. By not offering to return the horse before bringing the action, he intimates that he still considers the animal as his own, and he therefore ought to maintain him at his own expense.”(a) The rule thus stated meets our approbation. We think no expenses attending the property ought to be recovered, unless there has been an offer to restore the possession to the vendor before they were incurred. For as soon as disease is discovered, it ought to be communicated to the vendor, and the opportunity presented to him to take the property in his own charge If this is done he may comply with the offer at once ; if he does not, then he compels the vendee to incur all necessary expenses about the keeping and preservation of the property. In this case there was no offer by the vendee to return the property to the vendor. There was ample time to have done so after the discovery of the unsoundness and before the death of the slave. The motion for a new trial is granted, unless the plaintiff should release the physician’s bill and funeral expenses, amounting together to $16 ; if, however, he should so release, the motion is then, in that event, dismissed.
Fair and Summer, for the motion. Caldwell, contra.
The whole Court concurred.

 5 Strob. 177. An.

 See Carter & Harden vs. Walker, 2 Rich. 45.